BT Holdings, LLC v Village of Chester (2020 NY Slip Op 07157)





BT Holdings, LLC v Village of Chester


2020 NY Slip Op 07157


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-05428
2018-02654
2018-09517 
 (Index No. 1480/15)

[*1]BT Holdings, LLC, respondent-appellant,
v
Village of Chester, et al., appellants-respondents.


Feerick Lynch MacCartney & Nugent, PLLC, South Nyack, NY (Donald J. Feerick, Jr., Mary E. Marzolla, and Patrick A. Knowles of counsel), for appellants-respondents.
Jacobowitz & Gubits, LLP, Walden, NY (Kelly A. Pressler and Kara J. Cavallo of counsel), for respondent-appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and breach of the implied covenant of good faith and fair dealing, the defendants appeal from (1) an order of the Supreme Court, Orange County (Elaine Slobod, J.), dated May 11, 2016, (2) a judgment of the same court (Thomas E. Walsh II, J.) entered January 16, 2018, and (3) an order of the same court (Thomas E. Walsh II, J.) dated May 29, 2018, and the plaintiff cross-appeals from the order dated May 29, 2018. The order dated May 11, 2016, insofar as appealed from, denied those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the first through fourth causes of action or, in the alternative, for summary judgment dismissing those causes of action. The judgment, upon a jury verdict on the issue of liability in favor of the plaintiff and against the defendants, and upon a jury verdict on the issue of damages, is in favor of the plaintiff and against the defendants in the principal sum of $2,375,000. The order dated May 29, 2018, insofar as appealed from, denied the defendants' motion pursuant to CPLR 4404(a) to set aside the jury verdicts on the issue of liability and damages and for judgment as a matter of law. The order dated May 29, 2018, insofar as cross-appealed from, denied that branch of the plaintiff's motion which was pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of damages as contrary to the weight of the evidence and, in effect, for an additur to the award of damages.
ORDERED that the appeal from the order dated May 11, 2016, is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the first through fourth causes of action is granted, that branch of the defendants' motion which was for summary judgment dismissing those causes of action is denied as academic, the complaint is dismissed, and the order dated May 11, 2016, is modified accordingly; and it is further,
ORDERED that the appeal and the cross appeal from the order dated May 29, 2018, [*2]are dismissed as academic in light of our determination on the appeal from the judgment; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The appeal from the order dated May 11, 2016, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
BT Holdings, LLC (hereinafter BT Holdings), is the owner of four tax parcels, including three parcels consisting of approximately 7.8 acres situated in the Village of Chester, and one parcel consisting of approximately 60.6 acres situated in the Town of Chester. In January 2008, BT Holdings petitioned to annex the parcel situated within the Town from the Town into the Village to develop the tax parcels for senior housing and multifamily housing. Frank J. Nussbaum, a member of BT Holdings, had advised the Village that the proposed development project would not comply with existing zoning, and thus, the Village considered the enactment of a new zoning district for the parcels called "Residential Multifamily-Neighborhood" (hereinafter RM-N).
In March 2008, the Town of Chester Town Board (hereinafter Town Board) and the Village of Chester Board of Trustees (hereinafter Village Board) conducted a hearing on the annexation petition. The hearing was adjourned and held open pending the completion of the environmental review of the petition under the State Environmental Quality Review Act (ECL 8-0101 et seq.; hereinafter SEQRA). On August 18, 2011, following a multiyear review process, the Village Board, as the Village's lead agency, issued a final environmental impact statement (hereinafter FEIS), which included a determination of the positive benefits to the Village and the Town that would arise from the proposed annexation, the development project, and the proposed RM-N zone. On December 12, 2011, the Village Board issued SEQRA findings regarding the impact of the annexation, zone change, and residential development. The findings set forth, inter alia, that the four parcels comprising the project site were to be zoned RM-N, a new zoning district to be adopted post-annexation. The findings further discussed the benefits and compatibility with existing zoning of the proposed RM-N zone. On April 2, 2012, the Village Board voted to approve the annexation petition, finding that it was "in the overall public interest." However, on May 9, 2012, the Town Board issued its own SEQRA findings and voted to deny the annexation petition based on "alleged identified adverse environmental impacts the Town believed would result from the size and scale of BT Holdings' proposed residential development."
On June 15, 2012, the Village Board commenced a special proceeding in this Court pursuant to General Municipal Law § 712 (hereinafter the Appellate Division proceeding) seeking to overturn the Town Board's May 9, 2012 denial of the annexation petition and its finding that annexation is not in the overall public interest. Upon motion to this Court, BT Holdings was granted party status in the special proceeding. On July 9, 2012, BT Holdings and the Village Board commenced a CPLR article 78 proceeding in the Supreme Court (hereinafter the Supreme Court proceeding) to annul the Town Board's SEQRA findings issued on May 9, 2012. In June 2013, the Appellate Division proceeding and the Supreme Court proceeding were settled by stipulations of settlement. Pursuant to the stipulations, BT Holdings agreed to reduce the number of residential units it planned to build, to the extent that it would build no more than 340 residential units, with no fewer than 100 to be age-restricted, and the Town Board agreed that the downsizing of the development removed its environmental impact concerns and agreed to adopt the Village Board's SEQRA findings. Pursuant to the Appellate Division proceeding stipulation, the Town was to file an order approving the annexation petition and the parties agreed to work cooperatively to complete the transfer of the annexed lands. The stipulations set forth that "[c]onstruction shall be undertaken in the manner described and set forth in the [FEIS] and the Village's SEQRA findings." Both stipulations also stated that the project is subject to review and approval by the Village of Chester Planning Board (hereinafter the Planning Board). Thereafter, the Planning Board issued a report opposing the enactment of the RM-N zoning, finding that the development could be built as planned under existing zoning. On November 3, 2014, following the issuance of the Planning Board's report, [*3]the Village Board voted against enacting three different proposed zoning amendments, and declined to apply any zoning classification to the parcels.
In March 2015, BT Holdings commenced this action against the Village and the Village Board (hereinafter together the defendants) seeking, inter alia, to recover damages for breach of contract, breach of the implied covenant of good faith and fair dealing, and for a judgment declaring that the defendants' failure to zone the parcels constituted a taking of property without just compensation in violation of the United States and New York Constitutions. BT Holdings alleged, among other things, that the defendants breached their obligation under the stipulations by failing to enact the RM-N zoning, or any zoning, so as to allow construction of the project to proceed in accordance with the FEIS and SEQRA findings as required by the stipulations. The action was removed to the United States District Court of the Southern District of New York, and in an order dated February 23, 2016, the District Court granted that branch of the defendants' motion which was to dismiss the cause of action alleging an unconstitutional taking of property as unripe, and remanded the remaining causes of action to the New York Supreme Court.
Thereafter, the defendants moved in the Supreme Court, inter alia, pursuant to CPLR 3211(a) to dismiss the remaining causes of action or, in the alternative, for summary judgment dismissing those causes of action. In an order dated May 11, 2016, the court denied those branches of the defendants' motion. The defendants appeal from that order.
Subsequently, after a jury trial on the issue of liability, the jury returned a verdict in favor of the plaintiff, finding, inter alia, that the defendants breached the stipulations by failing to enact the RM-N zoning or any zoning that would allow construction of the project. After a jury trial on the issue of damages, the jury returned a verdict finding that the market value of the subject property as of November 3, 2014, the date of the breach of the stipulations, was the sum of $3,425,000, that the market value of the property as of that date would have been $5,800,000 had the defendants not breached the stipulations, and that BT Holdings therefore sustained damages in the sum of $2,375,000. Thereafter, BT Holdings moved, among other things, pursuant to CPLR 4404(a) to set aside the verdict on the issue of damages as contrary to the weight of the evidence and, in effect, for an additur to the award of damages, and the defendants moved pursuant to CPLR 4404(a) to set aside the verdicts on the issue of liability and damages and for judgment as a matter of law. On January 16, 2018, the Supreme Court entered a judgment in favor of BT Holdings and against the defendants in the principal sum of $2,375,000. In an order dated May 29, 2018, the court denied the motions of BT Holdings and the defendants to set aside the verdicts. The defendants appeal from the judgment and the order dated May 29, 2018, and BT Holdings cross-appeals from that order.
Contrary to the defendants' contention, they were not entitled to dismissal of the remaining causes of action as barred by the doctrine of collateral estoppel. The doctrine of collateral estoppel "'precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity'" (Douglas Elliman, LLC v Silver, 143 AD3d 752, 754, quoting Ryan v New York Tel. Co., 62 NY2d 494, 500). "The doctrine applies only 'if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action'" (Douglas Elliman, LLC v Silver, 143 AD3d at 754, quoting Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349). Here, the defendants failed to establish that the District Court decided issues identical to those raised by the causes of action under review (see Wax v 716 Realty, LLC, 151 AD3d 902, 904; cf. Milione v City Univ. of N.Y., 153 AD3d 807, 809).
The defendants also were not entitled to dismissal of the remaining causes of action for failure to join the Town and the Planning Board as parties in this action, since the defendants failed to establish either that complete relief could not be accorded between the parties without the Town or the Planning Board, or that those entities might be inequitably affected by a judgment in this action (see Signature Bank v Faibish, 142 AD3d 1069, 1070; Spector v Toys "R" Us, Inc., 12 AD3d 358, 359).
However, the Supreme Court should have granted those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the second and fourth causes of action, alleging breach of the implied covenant of good faith and fair dealing. As pleaded, those causes of action were duplicative of the causes of action alleging breach of contract (see Cortazar v Tomasino, 150 AD3d 668, 670; Educational Ctr. for New Ams., Inc. v 66th Ave. Realty Co., 131 AD3d 442, 443).
Furthermore, the Supreme Court should have granted those branches of the defendants' motion pursuant to CPLR 3211(a)(1) and CPLR 3211(a)(7) which were to dismiss the first and third causes of action, alleging breach of contract. "On a motion to dismiss pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the complaint must be construed liberally, the factual allegations must be deemed to be true, and the nonmoving party must be given the benefit of all favorable inferences" (Christ the Rock World Restoration Church Intl., Inc. v Evangelical Christian Credit Union, 153 AD3d 1226, 1229; see Leon v Martinez, 84 NY2d 83, 87). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Christ the Rock World Restoration Church Intl., Inc. v Evangelical Christian Credit Union, 153 AD3d at 1229 [internal quotation marks omitted]; see Guggenheimer v Ginzburg, 43 NY2d 268, 275). "A motion to dismiss under CPLR 3211(a)(7) may be granted when exhibits attached to the complaint 'conclusively establish[ ] that a material fact as claimed to by the pleader to be one is not a fact at all and that no significant dispute exists regarding it'" (McMahan v McMahan, 131 AD3d 593, 594, quoting Laxer v Edelman, 75 AD3d 584, 585-586 [internal quotation marks omitted]). "Moreover, a court may grant a motion to dismiss a complaint under CPLR 3211(a)(1) when documentary evidence utterly refutes the plaintiff's allegations, conclusively establishing a defense as a matter of law" (McMahan v McMahan, 131 AD3d at 594; see CPLR 3211[a][1]). "The terms of an unambiguous contract that 'indisputably undermines' the causes of action may constitute such documentary evidence" (McMahan v McMahan, 131 AD3d at 594 quoting Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc., 20 NY3d 59, 63).
It is undisputed that the stipulations are clear and unambiguous. Here, BT Holdings seeks relief based upon the defendants' alleged breach of the stipulations, in that the defendants failed to enact the RM-N zoning, or any zoning, that would allow construction of the project as described in the FEIS and SEQRA findings. However, the unambiguous terms of the stipulations conclusively establish that they do not contain the terms alleged to have been breached. The stipulations do not set forth any affirmative obligation on the part of the Village Board to enact zoning, and do not make any specific reference to the RM-N zoning or any other zoning. BT Holdings' reliance on the provision of the stipulations that states "[c]onstruction shall be undertaken in the manner described and set forth in the [FEIS] and the Village's SEQRA findings" to support its contention that the defendants are obligated to enact zoning, is misplaced. The FEIS and SEQRA findings discuss the proposed RM-N zoning in connection with the evaluation of the environmental impact of the proposed annexation and project, but do not obligate the Village Board to enact zoning. Moreover, the stipulations were entered into as a means of settling the annexation litigation; specifically, the proceeding commenced by the Village Board pursuant to General Municipal Law § 712 seeking to overturn the Town Board's May 9, 2012 denial of the annexation petition and the CPLR article 78 proceeding commenced by BT Holdings and the Village Board to annul the Town Board's SEQRA findings issued on May 9, 2012.
Even were we to find that the stipulations contained a provision that required the Village Board to enact zoning, such a provision is unenforceable, as obligating the Village Board to enact certain zoning requiring a legislative act cannot be agreed to by stipulation. "While a municipality possesses the inherent right to compromise a claim against it, it may not, under the guise of a compromise, impair a public duty owed by it or give validity to a void claim. Municipal corporations have no power to make contracts which will embarrass or control them in the [*4]performance of their legislative powers and duties" (Matter of Andgar Assoc. v Board of Zoning Appeals of Inc. Vil. of Port Washington N., 30 AD2d 672, 674 [internal citation omitted]; see Almor Associates v Town of Skaneateles, 231 AD2d 863). Moreover, "[t]he term limits rule prohibits one municipal body from contractually binding its successors in areas relating to governance unless specifically authorized by statute or charter provisions to do so. Elected officials must be free to exercise legislative and governmental powers in accordance with their own discretion and ordinarily may not do so in a manner that limits the same discretionary right of their successors to exercise those powers" (Matter of Karedes v Colella, 100 NY2d 45, 50 [citation omitted]).
Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the remaining causes of action. Based on the foregoing, the judgment, upon a jury verdict on the issue of liability and a jury verdict on the issue of damages in favor of the plaintiff and against the defendant must be reversed, and the complaint dismissed.
In light of our determination, we need not consider the parties' remaining contentions.
DILLON, J.P., COHEN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court