Jobble, Inc. v CF Alerts Corp (2025 NY Slip Op 05506)

Jobble, Inc. v CF Alerts Corp

2025 NY Slip Op 05506

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LILLIAN WAN, JJ.

2024-03542
 (Index No. 616631/23)

[*1]Jobble, Inc., appellant, 
v
CF Alerts Corp, etc., et al., defendants, Flyrim Tech Corp, etc., et al., respondents.

Shlansky Law Group, LLP, New York, NY (David J. Shlansky of counsel), for appellant.
Butnick & Levenson LLP, New York, NY (Joshua Butnick and Stephane Avouac of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered March 26, 2024. The order, insofar as appealed from, granted those branches of the motion of the defendants Flyrim Tech Corp and David Brensilber which were pursuant to CPLR 3211(a) to dismiss the second through sixth causes of action insofar as asserted against the defendant Flyrim Tech Corp and the complaint insofar as asserted against the defendant David Brensilber.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion of the defendants Flyrim Tech Corp and David Brensilber which were pursuant to CPLR 3211(a) to dismiss the third through sixth causes of action insofar as asserted against the defendant Flyrim Tech Corp, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In October 2023, the plaintiff commenced this action against, among others, CF Alerts Corp, Flyrim Tech Corp (hereinafter Flyrim), Fire Brick Group, Ltd. (hereinafter collectively the corporate defendants), and David Brensilber, a principal of each of the corporate defendants, to recover damages for breach of contract. The complaint alleged, among other things, that Brensilber was the owner of the corporate defendants and was personally liable under a theory, among others, of piercing the corporate veil.
Flyrim and Brensilber (hereinafter together the moving defendants) moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. The plaintiff opposed. In an order entered March 26, 2024, the Supreme Court, inter alia, granted that branch of the motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against Brensilber. The court also granted those branches of the motion which were pursuant to CPLR 3211(a) to dismiss the second through fourth causes of action, alleging breach of the implied covenant of good faith and fair dealing, quantum meruit, and unjust enrichment, respectively, insofar as asserted against Flyrim as duplicative of the breach of contract cause of action. In addition, the court granted [*2]those branches of the motion which were pursuant to CPLR 3211(a) to dismiss the fifth and sixth causes of action, alleging promissory estoppel and seeking to recover on an account stated, respectively, insofar as asserted against Flyrim for failure to state a cause of action. The plaintiff appeals.
On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), "the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory" (Cantor v Villucci, 212 AD3d 765, 766 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88). "Although inartfully pleaded, a claim should not be dismissed when the facts stated are sufficient to make out a cause of action. Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claims, of course, plays no part in the determination of a prediscovery CPLR 3211 motion to dismiss" (Lam v Weiss, 219 AD3d 713, 715 [citation and internal quotation marks omitted]).
"To survive a motion to dismiss the complaint, a party seeking to pierce the corporate veil must allege facts that, if proved, establish that the party against whom the doctrine is asserted (1) exercised complete domination over the corporation with respect to the transaction at issue, and (2) through such domination, abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against the plaintiff such that a court in equity will intervene" (Rosenshein v Kushner, 212 AD3d 744, 744-745; see East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 16 NY3d 775, 776). "Factors to be considered in determining whether an individual has abused the privilege of doing business in the corporate or [limited liability company] form include the failure to adhere to [corporate or limited liability company] formalities, inadequate capitalization, commingling of assets, and the personal use of [corporate or limited liability company] funds" (Grammas v Lockwood Assoc., LLC, 95 AD3d 1073, 1075; see Rosenshein v Kushner, 212 AD3d at 745).
Here, the plaintiff failed to allege facts sufficient to support its allegation that Brensilber exercised complete domination over the corporate defendants (see Tabchouri v Hard Eight Rest. Co., LLC, 219 AD3d 528, 532; Ruland v Leibowitz, 209 AD3d 1051, 1052). Moreover, even if the complaint had satisfied the first element of domination in the plaintiff's attempt to pierce the corporate veil, the complaint is devoid of any allegations as to how Brensilber used his domination over the corporate defendants in order to commit a fraud or wrong against the plaintiff (see Crawford v Integrated Asset Mgt. Servs., LLC, 236 AD3d 750, 753; Tabchouri v Hard Eight Rest. Co., LLC, 219 AD3d at 532).
In addition, contrary to the plaintiff's contention, the complaint failed to sufficiently allege an alternative basis for imposing personal liability upon Brensilber for alleged acts of the corporate defendants (see Berejka v Huntington Med. Group, P.C., 235 AD3d 821, 824). Thus, the Supreme Court properly granted that branch of the motion of the moving defendants which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against Brensilber.
The Supreme Court also properly granted that branch of the motion of the moving defendants which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging breach of the implied covenant of good faith and fair dealing insofar as asserted against Flyrim as duplicative of the breach of contract cause of action (see Goldberg v KOSL Bldg. Group, LLC, 236 AD3d 995, 997; BT Holdings, LLC v Village of Chester, 189 AD3d 754, 759).
Nonetheless, the Supreme Court should have denied those branches of the motion of the moving defendants which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging unjust enrichment and quantum meruit insofar as asserted against Flyrim. The moving defendants do not expressly concede the existence of a contract that covers the dispute. Thus, the plaintiff is entitled to allege these causes of action as alternatives to the cause of action alleging breach of contract (see id. § 3014; Emby Hosiery Corp. v Tawil, 196 AD3d 462, 465; Thompson Bros. Pile Corp. v Rosenblum, 121 AD3d 672, 674).
Likewise, the allegations in the complaint were sufficient to state a cause of action alleging promissory estoppel (see Woodstock Constr. Group, Ltd. v State of New York, 130 AD3d 1018). Contrary to the contention of the moving defendants, the cause of action alleging promissory estoppel is not duplicative, as the moving defendants do not concede that a contract covers the dispute (see CPLR 3014; Arnone v Burke, 211 AD3d 998, 1000).
"'An account stated is an agreement, express or implied, between the parties to an account based upon prior transactions between them with respect to the correctness of account items and a specific balance due on them'" (Toobian v Toobian, 209 AD3d 907, 910, quoting Citibank [S.D.] N.A. v Cutler, 112 AD3d 573, 573-574). "'An agreement may be implied where a defendant retains bills without objecting to them within a reasonable period of time, or makes partial payment on the account'" (Citibank [S.D.] N.A. v Cutler, 112 AD3d at 574, quoting American Express Centurion Bank v Cutler, 81 AD3d 761, 762). Here, the allegations in the complaint were sufficient to state a cause of action to recover on an account stated (see Nouveau El. Indus., Inc. v Glendale Condominium Town & Tower Corp., 107 AD3d 965, 966; Fleetwood Agency, Inc. v Verde Elec. Corp., 85 AD3d 850, 851).
Accordingly, the Supreme Court also should have denied those branches of the motion of the moving defendants which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging promissory estoppel and to recover on an account stated insofar as asserted against Flyrim.
DUFFY, J.P., MILLER, CHRISTOPHER and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court