■ VICTORIA WISE, Respondent, v AARON GREENWALD, Defendant, and MICHAEL KOLE, Doing Business as NORTHWAY FAMILY DENTALCARE, Appellant. [617 NYS2d 591] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Keegan, J.), entered October 25, 1993 in Albany County, which denied defendant Michael Kole's motion for summary judgment dismissing the complaint against him.

Plaintiff seeks to recover for injuries she suffered following extraction of a tooth. The dental services giving rise to this malpractice action were provided by defendant Aaron Greenwald, who was at the time working at Northway Family Dentalcare (hereinafter Northway), a concern owned and operated by Family Dentalcare, P. C., of which defendant Michael Kole was the president and sole shareholder. Kole, who also owned and operated a separate dental practice, had hired Greenwald to manage Northway and provide dental services at that office. In her first cause of action, plaintiff charges both Greenwald and Kole, in his capacity as "owner" of the practice, with negligently rendering dental treatment; the second claim, brought against Kole alone, asserts that he acted negligently in hiring and failing to discharge Greenwald. Apparently unaware of the business form chosen by Kole for the operation of Northway, plaintiff did not name Family Dentalcare as a party defendant, and a subsequent motion to amend the complaint in this respect was denied *(see,* 194 AD2d 850). After some discovery was had, Kole moved for summary judgment dismissing the complaint against him.* Supreme Court denied the motion, prompting this appeal.

Kole does not deny that as shareholder of Family Dentalcare, a professional service corporation organized under Business Corporation Law article 15, he is liable for the negligence

---

* The action has been stayed as against Greenwald, who filed for bankruptcy in August 1988.

or misconduct, including malpractice, committed by any person who, while rendering professional services on behalf of the corporation, is found to be "under his direct supervision and control" (Business Corporation Law § 1505 [a]). This statute, it has been noted, "reflects the common-law rule * * * that a supervisor is liable if he directs or permits tortious conduct by those under his supervision *or fails to exercise proper control over them" (Connell v Hayden,* 83 AD2d 30, 59 [emphasis supplied]).

It is clear that Greenwald, who was hired by Kole and paid a weekly salary for his work at Northway, was furnishing professional services on behalf of Family Dentalcare when he treated plaintiff. It is also clear that Kole delegated to Greenwald, who referred to himself as an "employee/dentist", the duties of managing the Northway practice. Further, the record evidence, when viewed in the light most favorable to plaintiff, shows that Kole acted in several respects as supervisor of the practice in general, and of Greenwald in particular. He visited the practice several times per week to review the patient book, check supplies and "find out what was going on there"; he hired the support staff and set the hours of the practice; and he received complaints from other staff members about Greenwald. There is no evidence that Greenwald was accountable to anyone but Kole and it appears that Kole could have terminated him at will. Greenwald did not share in the profits of Northway or pay for the use of the facilities or for supplies, but was paid a salary for his services. These factors are sufficient to create a question of fact as to the degree of control and supervision that Kole exerted, or could have exerted, over Greenwald.

As to the second cause of action, it is Kole's contention that Greenwald was hired by the corporation, that the act of hiring another dentist does not constitute the "rendering [of] professional services" (Business Corporation Law § 1505 [a]), and therefore liability may not be imposed upon him on the basis of that act. While it is true that Business Corporation Law § 1505 (a) only imposes individual liability, beyond that ordinarily borne by corporate shareholders and officers, for activities undertaken in connection with the actual rendition of professional services *(see, e.g., We're Assocs. Co. v Cohen, Stracher & Bloom,* 65 NY2d 148, 151), that section does not otherwise supplant ordinary principles of corporate responsibility and liability. Inasmuch as it is well established common law that a corporate shareholder, officer or agent may be held responsible for injury caused by his or her own tortious

conduct, even when acting on behalf of the corporation *(see, People v American Motor Club,* 179 AD2d 277, 284; *Widlitz v Scher,* 148 AD2d 530; *Clark v Pine Hill Homes,* 112 AD2d 755; *Connell v Hayden,* 83 AD2d 30, 58, *supra; see also,* 15 NY Jur 2d, Business Relationships, § 1086, at 358-359), and it is undisputed that Kole himself actually hired Greenwald, summary judgment was also properly denied on the second cause of action.

Cardona, P. J., Mikoll, Mercure and White, JJ., concur. Ordered that the order is affirmed, with costs.