Tabchouri v Hard Eight Rest. Co., LLC (2023 NY Slip Op 04149)

Tabchouri v Hard Eight Rest. Co., LLC

2023 NY Slip Op 04149

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2019-09423
 (Index No. 521843/18)

[*1]Sophia Tabchouri, respondent, 
v
Hard Eight Restaurant Company, LLC, etc., et al., appellants, et al., defendants.

Kiernan Trebach, LLP, New York, NY (Gail L. Ritzert and Steven H. Rosenfeld of counsel), for appellants Hard Eight Restaurant Company, LLC, George C. Ruotolo III, Justin Ruotolo, Robert M. Magill, James P. Wiseman, and John W. Wiseman.
Nicoletti Spinner Ryan Gulino Pinter LLP, New York, NY (Matthew G. Corcoran and Michael Brown of counsel), for appellants East Third Restaurant Corp., 79 Restaurant Corp., and 36 Wilson Restaurant Company, LLC.
Kishner Miller Himes, P.C., New York, NY (Ryan O. Miller and Jonathan Cohen of counsel), for appellants Meane Joe Greene, LLC, and Graham Avenue Restaurant Company, Inc.
Gair, Gair, Conason, Rubinowitz, Bloom, Hershenhorn, Steigman & Mackauf, New York, NY (Richard M. Steigman of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Hard Eight Restaurant Company, LLC, George C. Ruotolo III, Justin Ruotolo, Robert M. Magill, James P. Wiseman, and John W. Wiseman appeal, the defendants East Third Restaurant Corp., 79 Restaurant Corp., and 36 Wilson Restaurant Company, LLC, separately appeal, and the defendants Meane Joe Greene, LLC, and Graham Avenue Restaurant Company, Inc., separately appeal, from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated June 25, 2019. The order, insofar as appealed from by the defendants Hard Eight Restaurant Company, LLC, George C. Ruotolo III, Justin Ruotolo, Robert M. Magill, James P. Wiseman, and John W. Wiseman, denied that branch of the motion of the defendants George C. Ruotolo III, Justin Ruotolo, Robert M. Magill, James P. Wiseman, and John W. Wiseman which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. The order, insofar as appealed from by the defendants East Third Restaurant Corp., 79 Restaurant Corp., and 36 Wilson Restaurant Company, LLC, denied that branch of their motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. The order, insofar as appealed from by the defendants Meane Joe Greene, LLC, and Graham Avenue Restaurant Company, Inc., denied that branch of the motion of the defendants 524 Grand Street, LLC, Meane Joe Greene, LLC, and Graham Avenue Restaurant Company, Inc., which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the defendants Meane Joe Greene, LLC, and Graham Avenue Restaurant Company, Inc.
ORDERED that the appeal by the defendant Hard Eight Restaurant Company, LLC, is dismissed, as that defendant is not aggrieved by the order appealed from (see CPLR 5511; Mixon [*2]v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendants George C. Ruotolo III, Justin Ruotolo, Robert M. Magill, James P. Wiseman, and John W. Wiseman which was pursuant to CPLR 3211(a) to dismiss the second cause of action insofar as asserted against them, and substituting therefor a provision granting that branch of the motion, (2) by deleting the provision thereof denying that branch of the motion of the defendants East Third Restaurant Corp., 79 Restaurant Corp., and 36 Wilson Restaurant Company, LLC, which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, and substituting therefor a provision granting that branch of the motion, and (3) by deleting the provision thereof denying that branch of the motion of the defendants 524 Grand Street, LLC, Meane Joe Greene, LLC, and Graham Avenue Restaurant Company, Inc., which was pursuant to CPLR 3211(a) to dismiss the second cause of action insofar as asserted against the defendants Meane Joe Greene, LLC, and Graham Avenue Restaurant Company, Inc., and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from by the defendants George C. Ruotolo III, Justin Ruotolo, Robert M. Magill, James P. Wiseman, and John W. Wiseman, and by the defendants Meane Joe Greene, LLC, and Graham Avenue Restaurant Company, Inc.; and it is further,
ORDERED that one bill of costs is awarded to the defendants East Third Restaurant Corp., 79 Restaurant Corp., and 36 Wilson Restaurant Company, LLC, payable by the plaintiff.
The plaintiff alleged that on or about July 16, 2016, staff members at a bar, The Whiskey Brooklyn, served alcohol to the defendant Nicholas Batka while he was in a visibly intoxicated state. Thereafter, Batka, while still allegedly intoxicated, drove his vehicle onto a pedestrian sidewalk, striking and injuring three individuals, the plaintiff, Divya Menezes (see Menezes v Hard Eight Rest. Co., LLC, ___ AD3d ___ [decided herewith]), and James Balchunas, Jr. (see Balchunas v Hard Eight Rest. Co., LLC, ___ AD3d ___ [decided herewith]), and striking and killing a fourth individual, Andrew Boyd Esquivel (see Esquivel v Hard Eight Rest. Co., LLC, ___ AD3d ___ [decided herewith]). At all relevant times, The Whiskey Brooklyn was owned and operated by the defendant Hard Eight Restaurant Company, LLC (hereinafter Hard Eight).
On October 30, 2018, the plaintiff commenced this action to recover damages for personal injuries. The complaint alleged that Hard Eight was owned by the defendants George C. Ruotolo III, Justin Ruotolo, Robert M. Magill, James P. Wiseman, and John W. Wiseman (hereinafter collectively the Ruotolo defendants). Furthermore, the complaint alleged that the Ruotolo defendants were managers and supervisors of the staff at The Whiskey Brooklyn, and that they were also owners of or shareholders in several entities that operated other bars, including the defendants East Third Restaurant Corp., 79 Restaurant Corp., 36 Wilson Restaurant Company, LLC, 524 Grand Street, LLC, Meane Joe Greene, LLC, and Graham Avenue Restaurant Company, Inc. The second cause of action alleged a violation of General Obligations Law § 11-101, known as the Dram Shop Act, and that the Ruotolo defendants and the business entity defendants other than Hard Eight were each liable under the doctrine of piercing the corporate veil or as alter egos of Hard Eight. The third cause of action alleged negligent hiring, training, and retention, and negligent supervision of The Whiskey Brooklyn and its employees.
Thereafter, (1) the Ruotolo defendants, (2) East Third Restaurant Corp., 79 Restaurant Corp., and 36 Wilson Restaurant Company, LLC (hereinafter collectively the East Third defendants), and (3) Meane Joe Greene, LLC, and Graham Avenue Restaurant Company, Inc. (hereinafter together the MJG defendants), together with 524 Grand Street, LLC, separately moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them. In an order dated June 25, 2019, the Supreme Court, among other things, denied those branches of the separate motions. The Ruotolo defendants, the East Third defendants, and the MJG defendants separately appeal.
"Generally, a member of a limited liability company cannot personally be held liable for any debts, obligations or liabilities of the limited liability company, 'whether arising in tort, contract or otherwise'" (Matter of DePetris v Traina, 211 AD3d 939, 940-941, quoting Limited [*3]Liability Company Law § 609[a]). "The concept of piercing the corporate veil is an exception to this general rule, permitting, in certain circumstances, the imposition of personal liability on members for the obligations of the limited liability company" (Matter of DePetris v Traina, 211 AD3d at 941; see Grammas v Lockwood Assoc., LLC, 95 AD3d 1073, 1074-1075; see also Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 140-141).
"Generally, a plaintiff seeking to pierce the corporate veil must show that (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury" (Conason v Megan Holding, LLC, 25 NY3d 1, 18 [internal quotation marks omitted]; see Americore Drilling & Cutting, Inc. v EMB Contr. Corp., 198 AD3d 941, 946). "At the pleading stage, a plaintiff must do more than merely allege that [defendant] engaged in improper acts or acted in bad faith while representing the corporation" (Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 47 [internal quotation marks omitted]; see TMCC, Inc. v Jennifer Convertibles, Inc., 176 AD3d 1135, 1136). "The plaintiff must adequately allege the existence of a corporate obligation and that defendant exercised complete domination and control over the corporation and abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice" (Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d at 47-48 [internal quotation marks omitted]). "Factors to be considered in determining whether [an] owner has abused the privilege of doing business in the corporate form include whether there was a failure to adhere to corporate formalities, inadequate capitalization, commingling of assets, and use of corporate funds for personal use" (Bonanni v Horizons Invs. Corp., 179 AD3d 995, 1001 [internal quotation marks omitted]; see Gateway I Group, Inc. v Park Ave. Physicians, P.C., 62 AD3d 141, 146).
"Additionally, the corporate veil will be pierced to achieve equity, even absent fraud, when a corporation has been so dominated by an individual or another corporation and its separate entity so ignored that it primarily transacts the dominator's business instead of its own and can be called the other's alter ego" (Americore Drilling & Cutting, Inc. v EMB Contr. Corp., 198 AD3d at 946 [internal quotation marks omitted]). In determining whether an individual or another corporation constitutes an alter ego, a reviewing court must look for "overlap in ownership, officers, directors and personnel, inadequate capitalization, a commingling of assets, or an absence of separate paraphernalia that are part of the corporate form . . . such that one of the corporations is a mere instrumentality, agent and alter ego of the other" (John John, LLC v Exit 63 Dev., LLC, 35 AD3d 540, 541 [internal quotation marks omitted]). However, evidence of domination in the absence of any wrongdoing or resulting inequity vis-a-vis the plaintiff will not suffice to state a cause of action predicated upon alter ego liability (see TNS Holdings v MKI Sec. Corp., 92 NY2d 335, 339; Billy v Consolidated Mach. Tool Corp., 51 NY2d 152, 163; Villnave Constr. Servs., Inc. v Crossgates Mall Gen. Co. Newco, LLC, 201 AD3d 1183, 1188; Americore Drilling & Cutting, Inc. v EMB Contr. Corp., 198 AD3d at 946; Baby Phat Holding Co., LLC v Kellwood Co., 123 AD3d 405, 407).
Here, the plaintiff failed to allege sufficient facts in the complaint in support of her contention that the Ruotolo defendants exercised complete domination over Hard Eight (see Ruland v Leibowitz, 209 AD3d 1051, 1052; Sacks v Knolls at Pinewood, LLC, 157 AD3d 917, 919). Furthermore, even assuming that the complaint satisfied the first element of domination in the plaintiff's attempt to pierce the corporate veil, the complaint is completely devoid of any allegations as to how the Ruotolo defendants used their domination over Hard Eight in order to commit a fraud or wrong against the plaintiff (see Ruland v Leibowitz, 209 AD3d at 1052-1053; Johnson v Ortiz Transp., LLC, 205 AD3d 696, 698). The allegations that Hard Eight was left undercapitalized, underinsured, and unable to meet its corporate obligations were speculative and conclusory, and therefore insufficient to establish, for pleading purposes, the necessary element of fraud or wrongdoing vis-a-vis the plaintiff (see Americore Drilling & Cutting, Inc. v EMB Contr. Corp., 198 AD3d at 947; TMCC, Inc. v Jennifer Convertibles, Inc., 176 AD3d at 1136; Albstein v Elany Contr. Corp., 30 AD3d 210, 210; cf. F & R Goldfish Corp. v Furleiter, 210 AD3d 643, 645). For the same reasons, the complaint failed to state a cause of action against the East Third defendants and the MJG defendants in their respective capacities as alleged alter egos of Hard Eight (see Ruland v Leibowitz, 209 AD3d at 1052-1053; Johnson v Ortiz Transp., LLC, 205 AD3d at 698; Board of Mgrs. of the Gansevoort Condominium v 325 W. 13th, LLC, 121 AD3d 554, 554-555). Accordingly, the Supreme Court should have granted those branches of the separate motions of the Ruotolo defendants, the [*4]East Third defendants, and the MJG defendants which were to dismiss the second cause of action insofar as asserted against each of them.
"The doctrine of respondeat superior does not apply to impose vicarious liability upon supervisors" (Connell v Hayden, 83 AD2d 30, 50; see Yaniv v Taub, 256 AD2d 273, 274). Rather, a supervisor will generally only be held liable for the actions of a subordinate where the supervisor directed or permitted the subordinate to act in a manner that created an unreasonable risk of harm (see Ruggiero v Miles, 125 AD3d 1216, 1217; Connell v Hayden, 83 AD2d at 51-52, citing Restatement [Second] of Agency §§ 344, 351, 356; see also Turane v MGN, LLC, 171 AD3d 835, 836). "In contrast, under the theory of negligent hiring and retention, an employer may be liable for the acts of an employee acting outside the scope of his or her employment" (Gonzalez v City of New York, 133 AD3d 65, 67). A cause of action alleging negligent hiring or retention requires "that the employer knew or should have known of the employee's propensity for the conduct resulting in the injury" (Carnegie v J.P. Phillips, Inc., 28 AD3d 599, 600; see Ehrens v Lutheran Church, 385 F3d 232, 235 [2d Cir]). However, "[t]here is no common-law duty to institute specific procedures for hiring employees unless the employer knows of facts that would lead a reasonably prudent person to investigate the prospective employee" (Carnegie v J.P. Phillips, Inc., 28 AD3d at 600 [internal quotation marks omitted]). Generally, where an employer is liable for the employee's negligence under a theory of respondeat superior, "the plaintiff may not proceed with a cause of action to recover damages for negligent hiring and retention" (Ashley v City of New York, 7 AD3d 742, 743; see Moran v County of Suffolk, 189 AD3d 1219, 1222). "This is because if the employee was not negligent, there is no basis for imposing liability on the employer, and if the employee was negligent, the employer must pay the judgment regardless of the reasonableness of the hiring or retention or the adequacy of the training" (Karoon v New York City Tr. Auth., 241 AD2d 323, 324).
Here, the complaint failed to sufficiently allege that the East Third defendants "knew or should have known of" The Whiskey Brooklyn's employees' purported "propensity for the conduct resulting in the [plaintiff's] injury" (Carnegie v J.P. Phillips, Inc., 28 AD3d at 600; see Pisula v Roman Catholic Archdiocese of N.Y., 201 AD3d 88, 105; Barton v City of New York, 187 AD3d 976, 978). The complaint also failed to sufficiently allege that the East Third defendants in some way directed, permitted, or participated in the incident in question (see Ruggiero v Miles, 125 AD3d at 1217; Connell v Hayden, 83 AD2d at 50-52). Accordingly, the complaint failed to state a cause of action against the East Third defendants alleging negligent hiring, training, and retention, or negligent supervision, and the Supreme Court should have granted that branch of their motion which was to dismiss the third cause of action insofar as asserted against them.
Insofar as the Ruotolo defendants contend on appeal that the complaint failed to state a cause of action based on their own alleged negligent hiring, training, and retention, or negligent supervision of The Whiskey Brooklyn's employees, they abandoned that contention by neglecting to include it in their main brief (see Roizman v Stromer, 185 AD3d 978, 980-981; Levy v Kung Sit Huie, 54 AD3d 731, 732). Neither is the question of the sufficiency of the cause of action alleging negligent hiring, training, and retention, and negligent supervision insofar as asserted against the MJG defendants properly before this Court, and we reiterate that we "are not in the business of blindsiding litigants, who expect us to decide their appeals on rationales advanced by the parties, not arguments their adversaries never made" (Misicki v Caradonna, 12 NY3d 511, 519; see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 202).
The parties' remaining contentions are without merit.
DILLON, J.P., WOOTEN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court