Medeiros v Scarsdale Union Free Sch. Dist. Bd. of Educ. (2023 NY Slip Op 05400)

Medeiros v Scarsdale Union Free Sch. Dist. Bd. of Educ.

2023 NY Slip Op 05400

Decided on October 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2021-08069

[*1]Michael Medeiros, respondent, 
v
Scarsdale Union Free School District Board of Education, et al., appellants. (Westchester County Index No. 59697/20)

Bond, Schoeneck & King, PLLC, Garden City, NY (John F. McKay III, Howard Miller, and Brittany R. Frank of counsel), for appellants.
Marsh Law Firm, PLLC, New York, NY (Jennifer Freeman of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligent hiring, retention, and supervision, the defendants appeal from an order of the Supreme Court, Nassau County (Part CVA-R) (Steven M. Jaeger, J.), dated September 29, 2021. The order, insofar as appealed from, denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the first cause of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On or about August 24, 2020, the plaintiff commenced this action against the defendants pursuant to the Child Victims Act (see CPLR 214-g), alleging, inter alia, that while he was a student attending the defendant Scarsdale High School (hereinafter the School), he was sexually abused by a cafeteria worker at the School. Thereafter, the defendants moved pursuant to CPLR 3211(a) to dismiss the complaint. In an order dated September 29, 2021, the Supreme Court, among other things, denied that branch of the defendants' motion which was to dismiss the first cause of action, seeking to recover damages for negligent hiring, retention, and supervision. The defendants appeal.
On a motion to dismiss for failure to state a cause of action under CPLR 3211(a)(7), a court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Sullivan v Port Wash. Union Free Sch. Dist., 213 AD3d 966, 967). Causes of action alleging negligence based upon negligent hiring, retention, or supervision are not statutorily required to be pleaded with specificity (see Sullivan v Port Wash. Union Free Sch. Dist., 213 AD3d at 967; Belcastro v Roman Catholic Diocese of Brooklyn, N.Y., 213 AD3d 800, 801; see also CPLR 3013).
Here, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the first cause of action. The complaint alleged that the plaintiff was a student at the School, which was operated by the defendant Scarsdale Union Free [*2]School District Board of Education (hereinafter the School Board). The complaint also alleged, inter alia, that the cafeteria worker was an employee or agent of the School Board, and the defendants had knowledge that the cafeteria worker was sexually abusing the plaintiff or had the propensity to commit such abuse, and the abuse of the plaintiff occurred in the School when the plaintiff was approximately 14 to 16 years old and during times at which the plaintiff was under the defendants' supervision, care, custody, and control, including during the lunch period and when the plaintiff was working in the School kitchen. Thus, accepting the allegations in the complaint as true and according the plaintiff the benefit of every possible favorable inference, the complaint sufficiently states a cause of action to recover damages for negligent hiring, retention, and supervision of the cafeteria worker, and also inadequate supervision of the plaintiff (see Belcastro v Roman Catholic Diocese of Brooklyn, N.Y., 213 AD3d at 802; Novak v Sisters of the Heart of Mary, 210 AD3d 1104, 1105).
Accordingly, we affirm the order insofar as appealed from.
DUFFY, J.P., MALTESE, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court