Mohawk Constr. & Supply Co., Inc. v Walsh/Consigli JV (2023 NY Slip Op 06735)

Mohawk Constr. & Supply Co., Inc. v Walsh/Consigli JV

2023 NY Slip Op 06735

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2022-03146
 (Index No. 52921/21)

[*1]Mohawk Construction and Supply Company, Inc., appellant, 
v
Walsh/Consigli JV, et al., defendants, Walsh Construction Group, LLC, et al., respondents.

Welby, Brady & Greenblatt, LLP, White Plains, NY (Anthony P. Carlucci, David E. White, pro hac vice, Marc J. Felezzola, pro hac vice, and Benjamin A. Kift, pro hac vice, of counsel), for appellant.
Hinckley, Allen & Snyder, LLP, Albany, NY (James J. Barriere and Chad J. Caplan of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated March 30, 2022. The order, insofar as appealed from, granted those branches of the motion of the defendants Walsh Construction Group, LLC, Consigli Construction Co., Inc., Walsh Northeast, and Consigli & Associates, LLC, which were pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the defendants Walsh Construction Group, LLC, and Consigli Construction Co., Inc.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action, inter alia, to recover damages for breach of contract against the defendants Walsh/Consigli JV (hereinafter the joint venture), Walsh Construction Group, LLC, Consigli Construction Co., Inc., Walsh Construction Company II, LLC, Walsh Northeast, Consigli & Associates, LLC, Consigli Construction NY, and Vassar Brothers Hospital. The plaintiff alleged that it entered into a subcontract with the joint venture to perform certain construction work, but the subcontract was substantially changed after the plaintiff began work and the joint venture failed to pay the plaintiff for the extra work it performed. The defendants Walsh Construction Group, LLC (hereinafter Walsh Construction), Consigli Construction Co., Inc. (hereinafter Consigli Construction), Walsh Northeast, and Consigli & Associates, LLC (hereinafter collectively the moving defendants), moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. In an order dated March 30, 2022, the Supreme Court granted the motion. The plaintiff appeals from so much of the order as granted those branches of the motion which were to dismiss the complaint insofar as asserted against Walsh Construction and Consigli Construction.
"A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law" (Marinelli v [*2]Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d 714, 715). "On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must accept the facts alleged in the pleading as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable theory" (id. at 715). Where evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question is whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and the motion should not be granted unless the movant can show that a material fact as claimed by the plaintiff is not a fact at all and unless it can be said that no significant dispute exists regarding it (see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275; Bono v Stim & Warmuth, P.C., 215 AD3d 911).
The plaintiff contends that the Supreme Court erred in determining that Walsh Construction and Consigli Construction were not privy to the subcontract. In support of their motion to dismiss, the moving defendants submitted a copy of the joint venture agreement, which was entered into only by the nonmoving defendant Walsh Construction Company II, LLC, and an entity named Consigli Construction NY, LLC. They also submitted the subcontract between the joint venture and the plaintiff. The authenticity of those documents was not challenged in the Supreme Court. Contrary to the plaintiff's contention, this evidence utterly refuted the allegations in the complaint that Walsh Construction and Consigli Construction were privy to the construction contract (see Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d at 715) and showed that the plaintiff's allegation that these defendants were privy to the contract was "not a fact at all" and no significant dispute exists regarding it (Guggenheimer v Ginzburg, 43 NY2d at 275). Thus, the court's determination in that regard should not be disturbed.
The Supreme Court also properly directed dismissal of the plaintiff's cause of action to recover in quantum meruit against Walsh Construction and Consigli Construction. "In order to succeed on a cause of action to recover in quantum meruit, the plaintiff must prove (1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they were rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services" (Gould v Decolator, Cohen & DiPrisco, LLP, 197 AD3d 1242, 1243 [internal quotation marks omitted]). The moving defendants' submissions utterly refuted the plaintiff's allegation that the services were rendered for and accepted by Walsh Construction and Consigli Construction inasmuch as the services provided for in the contract were plainly rendered for and accepted by the joint venture, which did not include these defendants (see Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d at 715). Moreover, the moving defendants' evidentiary submissions showed that the plaintiff's allegation that Walsh Construction and Consigli Construction were part of the joint venture was "not a fact at all" and no significant dispute exists regarding it (Guggenheimer v Ginzburg, 43 NY2d at 275).
The Supreme Court also properly determined that the plaintiff failed to allege sufficient facts in support of its contention that Walsh Construction and Consigli Construction were alter egos of the entities involved in the joint venture. "[T]he corporate veil will be pierced to achieve equity, even absent fraud, when a corporation has been so dominated by an individual or another corporation and its separate entity so ignored that it primarily transacts the dominator's business instead of its own and can be called the other's alter ego" (Americore Drilling & Cutting, Inc. v EMB Contr. Corp., 198 AD3d 941, 946-947 [internal quotation marks omitted]). "In determining whether an individual or another corporation constitutes an alter ego, a reviewing court must look for overlap in ownership, officers, directors and personnel, inadequate capitalization, a commingling of assets, or an absence of separate paraphernalia that are part of the corporate form . . . such that one of the corporations is a mere instrumentality, agent and alter ego of the other" (Tabchouri v Hard Eight Rest. Co., LLC, 219 AD3d 528, 532 [internal quotation marks omitted]). Here, the plaintiff wholly failed to allege that Walsh Construction and Consigli Construction dominated the entities involved in the joint venture or that such domination was used to wrong the plaintiff (see id. at 532; Americore Drilling & Cutting, Inc. v EMB Contr. Corp., 198 AD3d at 946-947).
To the extent the plaintiff now contends that the Supreme Court erroneously denied [*3]its informal request to amend the complaint, the issue is not properly before this Court because the plaintiff failed to cross-move for such relief before the Supreme Court (see CPLR 2215; Matter of Genting N.Y., LLC v New York City Envtl. Control Bd., 158 AD3d 684, 685).
The plaintiff's remaining contention is without merit.
DILLON, J.P., DUFFY, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court