Bailey v City of New York (2024 NY Slip Op 03156)

Bailey v City of New York

2024 NY Slip Op 03156

Decided on June 12, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2022-02214
 (Index No. 718002/21)

[*1]Kenneth Bailey, respondent, 
v
City of New York, et al., defendants, New York City Transit Authority, et al., appellants.

The Shanker Law Firm, P.C, New York, NY (Steven J. Shanker of counsel), for appellants.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants New York City Transit Authority and Curb Mobility, LLC, appeal from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered March 10, 2022. The order denied those defendants' motion pursuant to CPLR 3211(a)(7) to dismiss so much of the second cause of action as was premised on a theory of agency insofar as asserted against them and the third cause of action insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants New York City Transit Authority and Curb Mobility, LLC, which was pursuant to CPLR 3211(a)(7) to dismiss the third cause of action insofar as asserted against them, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff, who is blind, allegedly was injured after alighting from a livery cab when he tripped and fell into a hole on a street and sidewalk in Queens. He alleged that the ride was arranged through the Access-A-Ride program of the defendant New York City Transit Authority (hereinafter the NYCTA) and a smartphone application of the defendant Curb Mobility, LLC (hereinafter Curb). The plaintiff commenced this action against the driver of the livery cab, Curb, and the NYCTA, among others, alleging that the driver breached his duty to discharge the plaintiff at a safe place. The complaint alleged, in relevant part, that the livery cab was owned by Curb, that the driver was an employee and/or agent of Curb and the NYCTA, and that the driver operated the vehicle at the request and direction of those defendants. The second cause of action sought, inter alia, to recover damages from the defendants other than the driver, including Curb and the NYCTA, for the driver's negligence based upon a theory of agency. The third cause of action alleged negligent hiring, training, and retention of the driver.
Curb and the NYCTA moved pursuant to CPLR 3211(a)(7) to dismiss so much of the second cause of action as was premised on a theory of agency insofar as asserted against them and the third cause of action insofar as asserted against them. The Supreme Court denied the motion. Curb and the NYCTA appeal.
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must [*2]"accept the facts as alleged in the complaint as true, accord [the] plaintiff[ ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Maritnez, 84 NY2d 83, 87-88; see Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141). "At the same time, however, allegations consisting of bare legal conclusions . . . are not entitled to any such consideration. Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d at 141-142 [citations and internal quotation marks omitted]; see Browne v Lyft, Inc., 219 AD3d 445, 446; Everett v Eastchester Police Dept., 127 AD3d 1131, 1132). Whether a complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claims, plays no part in the determination of a prediscovery motion to dismiss pursuant to CPLR 3211(a)(7) (see Maursky v Latham, 219 AD3d 473, 475; Lopez v Lozner & Mastropietro, P.C., 166 AD3d 871, 872-873).
"Under the doctrine of respondeat superior, a principal is [vicariously] liable for the negligent acts committed by its agent within the scope of the agency" (Fils-Aime v Ryder TRS, Inc., 40 AD3d 917, 917-918; see Riviello v Waldron, 47 NY2d 297, 302). "Agency is a legal relationship between a principal and an agent. It is a fiduciary relationship which results from the manifestation of consent of one person to allow another to act on his or her behalf and subject to his or her control, and consent by the other so to act. The agent is a party who acts on behalf of the principal with the latter's express, implied, or apparent authority" (Maurillo v Park Slope U-Haul, 194 AD2d 142, 146 [citations omitted]; see Faith Assembly v Titledge of N.Y. Abstract, LLC, 106 AD3d 47, 58). Accepting the facts as alleged in the complaint as true, according the plaintiff the benefit of every possible favorable inference, and determining only whether the facts as alleged fit within any cognizable legal theory, the second cause of action sufficiently stated a cause of action premised on a theory of agency insofar as asserted against Curb and the NYCTA (see Faith Assembly v Titledge of N.Y. Abstract, LLC, 106 AD3d at 58-59).
"An employer can be held liable under theories of negligent hiring, retention, and supervision where it is shown that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (Belcastro v Roman Catholic Diocese of Brooklyn, N.Y., 213 AD3d 800, 801 [internal quotation marks omitted]; see Novak v Sisters of the Heart of Mary, 210 AD3d 1104, 1105). "[A] necessary element of such causes of action is that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (Kenneth R. v Roman Catholic Diocese of Brooklyn, 229 AD2d 159, 161). Although such causes of action need not be pleaded with specificity (see Medeiros v Scarsdale Union Free Sch. Dist. Bd. of Educ., 220 AD3d 944, 945; Sullivan v Port Wash. Union Free Sch. Dist., 213 AD3d 966, 967), the complaint must contain more than bare legal conclusions unsupported by factual allegations (see Doe v Hauppauge Union Free Sch. Dist., 213 AD3d 809, 811; Well v Yeshiva Rambam, 300 AD2d 580, 581). Here, the complaint did not allege that Curb or the NYCTA knew or should have known of the driver's propensity for the conduct which caused the injury, nor contain any factual allegations to support such an inference. The bare legal conclusions were insufficient to state a cause of action alleging negligent hiring, training, and retention (see Tabchouri v Hard Eight Rest. Co., LLC, 219 AD3d 528, 533-534; Doe v Hauppauge Union Free Sch. Dist., 213 AD3d at 810-811; Fuller v Family Servs. of Westchester, Inc., 209 AD3d 983, 984; Well v Yeshiva Rambam, 300 AD2d at 581). Accordingly, the Supreme Court should have granted that branch of the motion of Curb and the NYCTA which was pursuant to CPLR 3211(a)(7) to dismiss the third cause of action insofar as asserted against them.
BRATHWAITE NELSON, J.P., MALTESE, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court