Tavor v Lane Towers Owners, Inc. (2021 NY Slip Op 04676)





Tavor v Lane Towers Owners, Inc.


2021 NY Slip Op 04676


Decided on August 11, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2019-03429
2019-09300
 (Index No. 700253/17)

[*1]Ilan Tavor, appellant, 
v
Lane Towers Owners, Inc., et al., respondents.


Warren S. Dank, Esq., P.C., Syosset, NY, for appellant.
Tromello & Fishman, Melville, NY (A. G. Chancellor III of counsel), for respondents, and Andrew F. Troia, Esq., P.C., New York, NY (Alison P. Snyder and Denise May of counsel), for respondent Board of Directors of Lane Towers Owners, Inc. (separate briefs filed).



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Leonard Livote, J.), dated February 6, 2019, and (2) an order of the same court dated July 9, 2019. The order dated February 6, 2019, granted the motion of the defendant Board of Directors of Lane Towers Owners, Inc., for an award of use and occupancy pendente lite and denied the plaintiff's cross motion for leave to amend the complaint and to disqualify counsel for that defendant. The order dated July 9, 2019, insofar as appealed from, upon reargument, adhered to the original determination in the order dated February 6, 2019.
ORDERED that the appeal from the order dated February 6, 2019, is dismissed, as that order was superseded by the order dated July 9, 2019, made upon reargument; and it is further,
ORDERED that the order dated July 9, 2019, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
The plaintiff is the proprietary lessee of two cooperative apartments in Queens. He owns shares of stock in the defendant Lane Towers Owners, Inc. (hereinafter Lane Towers), the cooperative housing corporation which owns the building where the subject apartments are located.
In November 2013, the plaintiff and Lane Towers entered into an agreement which provided, inter alia, that the plaintiff would receive a maintenance credit until certain repairs were completed by Lane Towers. Lane Towers credited the plaintiff's maintenance payments through November 30, 2015, when it asserted that it finished making the requisite repairs. Thereafter, Lane Towers advised the plaintiff that he was in breach of the proprietary leases based on his default in tendering his monthly maintenance payments.
In January 2017, the plaintiff commenced this action, inter alia, to recover damages [*2]for breach of contract, alleging, among other things, that the repairs had not been completed as required by the November 2013 agreement. In July 2018, the defendant Board of Directors of Lane Towers Owners, Inc. (hereinafter the Board), moved for an award of use and occupancy pendente lite. The plaintiff cross-moved for leave to amend the complaint and to disqualify the Board's counsel.
In an order dated February 6, 2019, the Supreme Court granted the Board's motion, and directed the plaintiff to pay the sum of $119,121.38 for past use and occupancy and to pay prospective use and occupancy during the pendency of this action, and denied the plaintiff's cross motion. By order dated July 9, 2019, the court, upon reargument, adhered to the original determination in the February 6, 2019 order. The plaintiff appeals.
Contrary to the plaintiff's contentions, the obligation to pay for use and occupancy does not arise from an underlying contract between the landlord and the occupant. Rather, "'an occupant's duty to pay the landlord for its use and occupancy of the premises is predicated upon the theory of quantum meruit, and is imposed by law for the purpose of bringing about justice without reference to the intention of the parties'" (Matter of First Am. Tit. Ins. Co. v Cohen, 163 AD3d 814, 816, quoting Eighteen Assoc. v Nanjim Leasing Corp., 257 AD2d 559, 560; see 255 Butler Assoc., LLC v 255 Butler, LLC, 173 AD3d 651, 654).
Here, considering the plaintiff's continued use and occupancy of the apartments and the work performed by Lane Towers, the Supreme Court providently exercised its discretion in directing the plaintiff to pay for his use and occupancy of the apartments during the pendency of this action. Since this is a pendente lite award, the details of the financial equities can be remedied "by means of a speedy trial of the action" (Getty Props. Corp. v Getty Petroleum Mktg. Inc., 106 AD3d 429, 430 [internal quotation marks omitted]).
"A party's right to be represented 'by counsel of its choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted'" (Mediaceja v Davidov, 119 AD3d 911, 911, quoting Zutler v Drivershield Corp., 15 AD3d 397, 397). A party seeking to disqualify an attorney or a law firm for an opposing party on the ground of conflict of interest has the burden of demonstrating (1) the existence of a prior attorney-client relationship between the moving party and opposing counsel, (2) that the matters involved in both representations are substantially related, and (3) that the interests of the present client and former client are materially adverse (see Tekni-Plex, Inc. v Meyner & Landis, 89 NY2d 123, 131; Solow v Grace & Co., 83 NY2d 303, 308). Here, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's cross motion which was to disqualify the Board's attorney because of an alleged conflict of interest, since the plaintiff failed to establish any of the above three elements.
Leave to amend a pleading shall be freely given absent prejudice or surprise resulting directly from the delay "unless the proposed amendment is palpably insufficient or patently devoid of merit" (Lucido v Mancuso, 49 AD3d 220, 222; see CPLR 3025[b]; Capezzano Constr. Corp. v Weinberger, 150 AD3d 811, 811). Here, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's cross motion which was for leave to amend the complaint. The amendments sought were palpably insufficient or patently devoid of merit.
AUSTIN, J.P., BARROS, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court