Bank of Am., N.A. v Green (2022 NY Slip Op 05146)

Bank of Am., N.A. v Green

2022 NY Slip Op 05146

Decided on September 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2019-04020
 (Index No. 9661/12)

[*1]Bank of America, N.A., respondent, 
v
Deloise Green, etc., appellant, et al., defendants.

Deloise Green-Stevenson, sued herein as Deloise Green, Brooklyn, NY, appellant pro se.
Druckman Law Group PLLC, Westbury, NY (Maria Sideris of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Deloise Green appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Noach Dear, J.), dated January 2, 2019. The order and judgment of foreclosure and sale, upon an order of the same court dated May 3, 2018, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's answer, and for an order of reference, and denying that defendant's cross motion to cancel the notice of pendency, upon an order of the same court dated July 17, 2018, denying that defendant's motion for leave to serve a third amended answer, and upon an order of the same court dated January 2, 2019, inter alia, granting the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, among other things, directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
In 2007, the defendant Deloise Green (hereinafter the defendant) executed a note in a certain sum in favor of the plaintiff. The note was secured by a mortgage on residential property located in Brooklyn. In April 2009, the plaintiff commenced an action against the defendant, among others, to foreclose the mortgage (hereinafter the 2009 action) and filed a notice of pendency. In an order dated July 24, 2013, the Supreme Court granted the separate motions of the plaintiff and the defendant to discontinue the 2009 action.
Prior to filing its motion to discontinue the 2009 action, in May 2012, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage and filed a notice of pendency. After issue was joined, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. The defendant cross-moved to cancel the notice of pendency. In an order dated May 3, 2018, the Supreme Court, inter alia, granted the plaintiff's motion and denied the defendant's cross motion. In a second order dated May 3, 2018, the court, inter alia, referred the matter to a referee to compute the amount due to the plaintiff.
The defendant moved for leave to file a third amended answer. In an order dated July 17, 2018, the Supreme Court denied the motion. The defendant thereafter filed three more motions seeking substantially similar relief as had been sought in her prior motion and cross motion. The plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. In an order dated January 2, 2019, the Supreme Court, inter alia, granted the plaintiff's motion and denied the defendant's motions. The court issued an order and judgment of foreclosure and sale also dated January 2, 2019, inter alia, directing the sale of the premises. The defendant appeals.
Contrary to the defendant's contention, the general rule prohibiting the filing of a successive notice of pendency did not preclude the filing of a notice of pendency in this action. CPLR 6516(c) provides that "[e]xcept as provided in [CPLR 6516(a)], a notice of pendency may not be filed in any action in which a previously filed notice of pendency affecting the same property had been cancelled or vacated or had expired or become ineffective." The express exception, CPLR 6516(a), provides, in pertinent part, that "[i]n a foreclosure action, a successive notice of pendency may be filed to comply with [RPAPL 1331], notwithstanding that a previously filed notice of pendency in such action or in a previous foreclosure action has expired pursuant to [CPLR 6513]." Here, as this is a foreclosure action, the plaintiff was entitled to file a notice of pendency to comply with RPAPL 1331, which requires a plaintiff to file a notice of pendency in the action at least 20 days before a final judgment directing a sale is rendered, notwithstanding that a prior notice of pendency had been filed against the property and had expired (see Sudit v Labin, 148 AD3d 1077). Thus, the Supreme Court properly denied the defendant's cross motion to cancel the notice of pendency.
The Supreme Court also properly denied the defendant's motion for leave to serve a third amended answer and those branches of her subsequent separate motions which were for leave to serve an amended answer. "Leave to amend a pleading shall be freely given absent prejudice or surprise resulting directly from the delay unless the proposed amendment is palpably insufficient or patently devoid of merit" (Capezzano Constr. Corp. v Weinberger, 150 AD3d 811, 811 [internal quotation marks omitted]; see Tavor v Lane Towers Owners, Inc., 197 AD3d 584, 586). Here, considering the defendant's extensive and unexplained delay in waiting until almost six years after serving her initial answer, and that the court already had granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against her, to strike her answer, and for an order of reference, her motion for leave to serve a third amended answer and those branches of her separate motions which were for leave to serve an amended answer were properly denied (see CitiMortgage, Inc. v Nunez, 198 AD3d 865, 866).
The defendant's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court