Ruland v Leibowitz (2022 NY Slip Op 06023)

Ruland v Leibowitz

2022 NY Slip Op 06023

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
JANICE A. TAYLOR, JJ.

2020-01189
 (Index No. 603555/16)

[*1]Michael Ruland, appellant, 
v
Stacy Leibowitz, et al., respondents, et al., defendants.

Devitt Spellman Barrett, LLP, Smithtown, NY (John M. Denby and Christi M. Kunzig of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (William B. Rebolini, J.), dated January 17, 2020. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was pursuant to CPLR 3025(b) for leave to amend the complaint to add Barry J. Altman and Steven A. Graboski as defendants.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action in March 2016 against, among others, the defendant Custom Modular Homes of Long Island, Inc. (hereinafter CMH), to recover damages for personal injuries he allegedly sustained while working as a carpenter at the home of the defendant Stacy Leibowitz. Following the depositions of CMH by its principals Barry J. Altman and Steven A. Graboski, the plaintiff moved, inter alia, pursuant to CPLR 3025(b) for leave to amend the complaint to add Altman and Graboski as defendants. The Supreme Court denied that branch of the motion. The plaintiff appeals.
"A party may amend his or her pleading . . . at any time by leave of court or by stipulation of all parties" (CPLR 3025[b]). Whether to grant leave to amend is within the trial court's discretion (see e.g. Mulle v Lexington Ins. Co., 198 AD3d 908, 910-911; Tavor v Lane Towers Owners, Inc., 197 AD3d 584, 586; Landsman v Tolo, 194 AD3d 1034, 1035-1036). Leave to amend a pleading shall be freely given absent prejudice or surprise resulting directly from the delay "unless the proposed amendment is palpably insufficient or patently devoid of merit" (Lucido v Mancuso, 49 AD3d 220, 222; see CPLR 3025[b]; Bank of Am., N.A. v Green, ___ AD3d ___, 2022 NY Slip Op 05146 [2d Dept]; Tavor v Lane Towers Owners, Inc., 197 AD3d at 586).
Here, the Supreme Court properly determined that the proposed amended complaint was palpably insufficient or patently devoid of merit because it failed to allege facts sufficient to hold the proposed individual defendants personally liable under a piercing the corporate veil theory (see Johnson v Ortiz Transp., LLC, 205 AD3d 696, 698; Allstate ATM Corp. v E.S.A. Holding Corp., 98 AD3d 541, 542). "'Generally, a plaintiff seeking to pierce the corporate veil must show that (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which [*2]resulted in plaintiff's injury'" (Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 47, quoting Conason v Megan Holding, LLC, 25 NY3d 1, 18; see Americore Drilling & Cutting, Inc. v EMB Contr. Corp., 198 AD3d 941, 946). "However, '[e]vidence of domination alone does not suffice without an additional showing that it led to inequity, fraud or malfeasance'" (Americore Drilling & Cutting, Inc. v EMB Contr. Corp., 198 AD3d at 946, quoting TNS Holdings v MKI Sec. Corp., 92 NY2d 335, 339). The proposed amended complaint fails to allege facts sufficient to support that Altman and Graboski exercised complete domination of CMH. Moreover, the proposed amended complaint is devoid of any allegations as to how Altman and Graboski used their domination of CMH to commit a wrong against the plaintiff (see Johnson v Ortiz Transp., LLC, 205 AD3d at 698; TMCC, Inc. v Jennifer Convertibles, Inc., 176 AD3d 1135, 1136; JGK Indus., LLC v Hayes NY Bus., LLC, 145 AD3d 979, 981).
Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was pursuant to CPLR 3025(b) for leave to amend the complaint to add Altman and Graboski as defendants.
IANNACCI, J.P., RIVERA, ZAYAS and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court