Global World Realty, Inc. v Zubli (2023 NY Slip Op 04755)

Global World Realty, Inc. v Zubli

2023 NY Slip Op 04755

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2019-11585 
2019-11586
 (Index No. 600012/19)

[*1]Global World Realty, Inc., et al., appellants,
v
Edna Zubli, etc., et al., respondents, et al., defendants.

The Law Offices of Joshua R. Bronstein & Associates, PLLC, Port Washington, NY, for appellants.
Canales PLLC, Southold, NY (Jason Canales of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and unjust enrichment, the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), entered August 22, 2019, and (2) an order of the same court entered August 30, 2019. The order entered August 22, 2019, denied those branches of the motion of Isaac Zubli and the defendants Ari Zubli, Zash International Corp., Isaac Family Trust, Edna Zubli, and Westside Taxi Corp. which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging breach of contract and to recover on an account stated insofar as asserted against the defendant Zash International Corp. The order entered August 30, 2019, insofar as appealed from, granted those branches of the motion of Isaac Zubli and the defendants Ari Zubli, Zash International Corp., Isaac Family Trust, Edna Zubli, and Westside Taxi Corp. which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging breach of contract and unjust enrichment and to recover on an account stated insofar as asserted against Isaac Zubli and the defendant Ari Zubli, and denied that branch of the plaintiffs' cross-motion which was for leave to amend the complaint.
ORDERED that the appeal from the order entered August 22, 2019, is dismissed, as the plaintiffs are not aggrieved by that order (see CPLR 5511); and it is further,
ORDERED that the order entered August 30, 2019, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
In December 2018, the plaintiffs commenced this action, inter alia, to recover damages for breach of contract and unjust enrichment against, among others, Isaac Zubli (hereinafter Isaac), and the defendants Ari Zubli (hereinafter Ari), Zash International Corp. (hereinafter Zash), Isaac Family Trust, Edna Zubli, and Westside Taxi Corp. (hereinafter collectively the defendants). This action arises out of the alleged breach of a commercial lease by which the plaintiff Global World Realty, Inc. (hereinafter Global World), rented certain real property to Zash.
Thereafter, Isaac and the defendants moved pursuant to CPLR 3211(a)(1) and (7) to [*2]dismiss the complaint insofar as asserted against them. The plaintiffs cross-moved, inter alia, for leave to amend the complaint to add allegations pertaining to Isaac and Ari (hereinafter together the Zublis). In an order entered August 22, 2019, the Supreme Court denied those branches of the motion which were to dismiss the causes of action alleging breach of contract and to recover on an account stated insofar as asserted against Zash. In an order entered August 30, 2019, the court, among other things, granted those branches of the motion which were to dismiss the causes of action alleging breach of contract and unjust enrichment and to recover on an account stated insofar as asserted against the Zublis and denied that branch of the plaintiffs' cross-motion which was for leave to amend the complaint. The plaintiffs appeal. During the pendency of the appeal, Isaac died, and Edna Zubli, as executor of his estate, was substituted for him.
"In deciding a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must accept the facts as alleged in the complaint to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Katz v DePaola, 211 AD3d 1020, 1020-1021 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 88). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Katz v DePaola, 211 AD3d at 1021 [internal quotation marks omitted]; see Guggenheimer v Ginzburg, 43 NY2d 268, 275). Further, "[a] motion pursuant to CPLR 3211(a)(1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (Minzer v Minzer, 206 AD3d 721, 724 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d at 88).
Here, the documentary evidence submitted by Isaac and the defendants in support of their motion, namely the lease, utterly refuted the plaintiffs' allegations that they entered into a lease agreement with the Zublis, as the lease conclusively established that the Zublis were not signatories or parties to the lease between Global World and Zash (see Victory State Bank v EMBA Hylan, LLC, 169 AD3d 963, 965-966). Moreover, since the Zublis could not be held personally liable in connection with a contract to which they were not parties, the plaintiffs failed to state a cause of action alleging breach of contract against them (see id. at 965; 1911 Richmond Ave. Assoc., LLC v G.L.G. Capitol, LLC, 90 AD3d 627).
Additionally, the plaintiffs failed to state a cause of action alleging unjust enrichment against the Zublis, as that cause of action was precluded by the existence of a contract governing the subject matter of the dispute (see Westbury Recycling, Inc. v Westbury Transfer & Recycling, LLC, 209 AD3d 929, 931-932). Moreover, the lease conclusively established that the Zublis had no obligation to pay rent to the plaintiffs, and thus, they were not unjustly enriched by the alleged nonpayment of rent (see Selinger Enters., Inc. v Cassuto, 50 AD3d 766, 767-768).
"A party may amend his or her pleading . . . at any time by leave of court or by stipulation of all parties" (CPLR 3025[b]). Whether to grant leave to amend is within the trial court's discretion (see e.g. Mulle v Lexington Ins. Co., 198 AD3d 908, 910-911; Tavor v Lane Towers Owners, Inc., 197 AD3d 584, 586). "Leave to amend a pleading shall be freely given absent prejudice or surprise resulting directly from the delay 'unless the proposed amendment is palpably insufficient or patently devoid of merit'" (Ruland v Leibowitz, 209 AD3d 1051, 1052, quoting Lucido v Mancuso, 49 AD3d 220, 222; see CPLR 3025[b]; Tavor v Lane Towers Owners, Inc., 197 AD3d at 586). Here, the proposed amended complaint was palpably insufficient and patently devoid of merit, since it failed to allege facts sufficient to hold the Zublis personally liable under a piercing the corporate veil theory (see Ruland v Leibowitz, 209 AD3d at 1052; Johnson v Ortiz Transp., LLC, 205 AD3d 696, 698-699).
The plaintiffs' remaining contentions are without merit.
Accordingly, the Supreme Court properly granted those branches of the motion of Isaac and the defendants which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging breach of contract and unjust enrichment, and to recover on an account stated insofar as asserted against the Zublis, and properly denied that branch of the plaintiffs' cross-motion which was for leave to amend the complaint.
DUFFY, J.P., IANNACCI, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court