Kyung Hee Moon v Owadeyah (2024 NY Slip Op 00300)

Kyung Hee Moon v Owadeyah

2024 NY Slip Op 00300

Decided on January 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2018-14229
 (Index No. 14721/15)

[*1]Kyung Hee Moon, etc., appellant, 
v
Herzel Owadeyah, et al., defendants third-party plaintiffs-respondents, et al., defendants; YJ Construction, Inc., et al., third-party defendants-respondents.

Kelner and Kelner, New York, NY (Gail S. Kelner of counsel), for appellant.
Gallo Vitucci Klar LLP, New York, NY (Andrew C. Kaye of counsel), for defendants third-party plaintiffs-respondents.
Linda A. Stark, New York, NY, for third-party defendants-respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Queens County (Thomas D. Raffaele, J.), dated September 11, 2018. The order, insofar as appealed from, denied the cross-motion of the plaintiff and Ssang Jun Ma pursuant to CPLR 3025(b) for leave to amend the complaint and granted that branch of the motion of the defendants third-party plaintiffs which was for summary judgment dismissing the complaint insofar as asserted against the defendant third-party plaintiff Herzel Owadeyah.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
Ssang Jun Ma, a brick layer employed by the third-party defendants, allegedly was injured when a scaffold upon which he was walking collapsed while he was working on a construction project at premises owned by the defendants Omid Rahmani and Shirley Bassiri Rahmani. Ssang Jun Ma, by his guardian, and Kyung Hee Moon, suing derivatively, commenced this action alleging, inter alia, violations of Labor Law §§ 200, 240(1), and 241(6) and common-law negligence, against, among others, Kensington Homes, LLC (hereinafter Kensington Homes), the general contractor on the project, and Herzel Owadeyah, a principal of Kensington Homes. Owadeyah and Kensington Homes moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against Owadeyah. Ssang Jun Ma and Kyung Hee Moon cross-moved pursuant to CPLR 3025(b) for leave to amend the complaint to add allegations against Owadeyah so as to impose personal liability against him under a theory of piercing the corporate veil. The Supreme Court, inter alia, denied the cross-motion for leave to amend the complaint and granted that branch of the motion of Owadeyah and Kensington Homes which was for summary judgment dismissing the complaint insofar as asserted against Owadeyah. Ssang Jun Ma and Kyung Hee Moon appealed from the order. Ssang Jun Ma subsequently died, and Kyung Hee Moon, as administrator of the estate of Ssang Jun Ma, was substituted for the deceased appellant.
"Leave to amend a pleading shall be freely given absent prejudice or surprise resulting [*2]directly from the delay unless the proposed amendment is palpably insufficient or patently devoid of merit" (Ruland v Leibowitz, 209 AD3d 1051, 1052 [internal quotation marks omitted]; see CPLR 3025[b]; Johnson v Ortiz Transp., LLC, 205 AD3d 696, 698).
"In order for a plaintiff to state a viable claim against a shareholder of a corporation in his or her individual capacity for actions purportedly taken on behalf of the corporation, plaintiff must allege facts that, if proved, indicate that the shareholder exercised complete domination and control over the corporation and abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice" (East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 16 NY3d 775, 776 [internal quotation marks omitted]; see Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141). "While complete domination of the corporation is the key to piercing the corporate veil, especially when the owners use the corporation as a mere device to further their personal rather than the corporate business, such domination, standing alone, is not enough; some showing of a wrongful or unjust act toward plaintiff is required" (Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d at 141-142 [citation omitted]; see Ruland v Leibowitz, 209 AD3d at 1052).
Here, the Supreme Court properly determined, in effect, that the proposed amended complaint was palpably insufficient or patently devoid of merit because it failed to allege facts sufficient to hold Owadeyah personally liable under a theory of piercing the corporate veil. The proposed amendments failed to adequately allege that Owadeyah abused the privilege of doing business in the corporate form in such a manner as to cause injury to Ssang Jun Ma and Kyung Hee Moon (see East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 16 NY3d at 776; Ruland v Leibowitz, 209 AD3d at 1052; East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 90 AD3d 820, 821). Accordingly, the court providently exercised its discretion in denying the cross-motion for leave to amend the complaint to add allegations against Owadeyah so as to impose personal liability against him under a theory of piercing the corporate veil.
Moreover, the Supreme Court properly granted that branch of the motion of Owadeyah and Kensington Homes which was for summary judgment dismissing the complaint insofar as asserted against Owadeyah. Owadeyah and Kensington Homes established, prima facie, that Owadeyah could not be held liable for the obligations of Kensington Homes under a theory of piercing the corporate veil, and, in opposition, Ssang Jun Ma and Kyung Hee Moon failed to raise a triable issue of fact (see East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 16 NY3d at 776; Alvarez v Prospect Hosp., 68 NY2d 320, 325).
DUFFY, J.P., MALTESE, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court