AZL Realty, LLC v Newcare Pharmacy, Inc. (2024 NY Slip Op 06021)

AZL Realty, LLC v Newcare Pharmacy, Inc.

2024 NY Slip Op 06021

Decided on December 4, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2022-09447
 (Index No. 716887/20)

[*1]AZL Realty, LLC, appellant, 
v
Newcare Pharmacy, Inc., respondent, et al., defendant.

Law Offices of Chen & Associates, P.C., Flushing, NY (Edward W. Miller and Yimin Chen of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of a lease, the plaintiff appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered October 4, 2022. The order granted the motion of the defendant Newcare Pharmacy, Inc., pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed, without costs or disbursements.
In January 2017, the plaintiff, AZL Realty, LLC, as landlord, and the defendant Newcare Pharmacy, Inc. (hereinafter Newcare), as tenant, entered into a lease with respect to certain commercial real property (hereinafter the premises) for a period of 10 years. In September 2019, pursuant to the terms of the lease, Newcare notified the plaintiff that it was electing to terminate the lease and that it would vacate the premises on or before March 27, 2020. Newcare continued to make payments under the lease until April 1, 2020, and surrendered the premises to the plaintiff on or about March 27, 2020.
In September 2020, the plaintiff commenced this action, inter alia, to recover damages for breach of the lease. The plaintiff alleged that Newcare was a holdover tenant because Newcare breached the lease by leaving garbage and equipment behind after it vacated the premises and by failing to obtain a sign-off on a permit issued by the New York City Department of Buildings. The plaintiff further alleged that until those defects were corrected, the plaintiff was entitled to two and one-half times the monthly rent. Paragraph 34 of the complaint alleged that "[t]he paragraph 21of the Store lease indicates Plaintiff is entitled two and one-half times the total of the fixed rent and additional rent if tenant shall hold over after the expiration of the terms of the lease."
Newcare moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against it. In opposition, the plaintiff contended that the lease was terminated as a result of Newcare's default and that damages included advance rent. In reply, Newcare stated that the lease was terminated because Newcare canceled it pursuant to the terms of the lease, that Newcare was never advised of a default and given notice to cure as provided for in paragraph 16(f) of the lease, and that Newcare was never advised that its notice of termination was invalid.
In an order entered October 4, 2022, the Supreme Court granted Newcare's motion, determining that "Plaintiff alleges that defendant Newcare was a holdover tenant, but it is undisputed [*2]that the plaintiff did not serve upon Newcare a notice of default or notice of termination for failure to cure a default, in contravention of the terms of the subject lease."
Here, the documentary evidence submitted by Newcare in support of its motion—i.e., the lease—conclusively established that Newcare was not in default of the lease pursuant to its terms and that Newcare was not a holdover tenant pursuant to its terms (see Global World Realty, Inc. v Zubli, 219 AD3d 1495). Accordingly, the Supreme Court properly granted, pursuant to CPLR 3211(a)(1), Newcare's motion to dismiss the complaint insofar as asserted against it.
BARROS, J.P., IANNACCI, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court