KSZ Bldg. Materials v Stognin (2025 NY Slip Op 04982)

KSZ Bldg. Materials v Stognin

2025 NY Slip Op 04982

Decided on September 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2023-11242
 (Index No. 502376/19)

[*1]KSZ Building Materials, etc., appellant, 
v
Sergey Stognin, et al., respondents, et al., defendant.

Law Office of Nina Khaimova, P.C., Briarwood, NY, for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard J. Montelione, J.), dated August 17, 2023. The order granted the motion of the defendants Sergey Stognin and New Bathroom Styles, Inc., pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them and denied the plaintiff's cross-motion for leave to amend the complaint.
ORDERED that the order is affirmed, without costs or disbursements.
In February 2019, the plaintiff commenced this action, inter alia, to recover damages for breach of contract, alleging, among other things, that the defendant LKRN Enterprises, Inc. (hereinafter LKRN), failed to repay a loan. The complaint also named the defendants Sergey Stognin, in his individual capacity and as an officer of LKRN, and New Bathroom Styles, Inc. (hereinafter New Bathroom), a corporation alleged to have been controlled and operated by LKRN and/or Stognin.
In August 2021, Stognin and New Bathroom (hereinafter together the defendants) moved to dismiss the complaint insofar as asserted against them on the ground that the complaint failed to state a cause of action against them. The plaintiff opposed the motion and cross-moved for leave to amend the complaint to include additional allegations of fact and to pierce LKRN's corporate veil and hold the defendants liable. The defendants opposed the cross-motion. In an order dated August 17, 2023, the Supreme Court granted the defendants' motion and denied the plaintiff's cross-motion. The plaintiff appeals.
"In considering a motion to dismiss pursuant to CPLR 3211(a)(7), the court should accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Tirpack v 125 N. 10, LLC, 130 AD3d 917, 918 [internal quotation marks omitted]).
"A party may amend his or her pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all parties" (CPLR 3025[b]). "Leave to amend a pleading shall be freely given absent prejudice or surprise resulting directly from the delay 'unless the proposed amendment is palpably insufficient or patently devoid of merit'" (Tavor v Lane Towers Owners, 197 AD3d 584, 586, quoting Lucido v Mancuso, 49 AD3d 220, 222).
"Prejudice . . . is not found in the mere exposure of the defendant to greater liability. Instead, there must be some indication that the defendant has been hindered in the preparation of his [or her] case or has been prevented from taking some measure in support of his [or her] position" (Americore Drilling & Cutting, Inc. v EMB Contr. Corp., 198 AD3d 941, 945 [internal quotation marks omitted]). "The burden of establishing prejudice is on the party opposing the amendment" (id. [internal quotation marks omitted]). "Applications to amend pleadings are within the sound discretion of the court" (id. at 944 [internal quotation marks omitted]).
"'Broadly speaking, the courts will disregard the corporate form, or, to use accepted terminology, pierce the corporate veil, whenever necessary to prevent fraud or to achieve equity'" (Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 47 [internal quotation marks omitted], quoting Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 140]). "'Generally, a plaintiff seeking to pierce the corporate veil must show that (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury'" (id. at 47, quoting Conason v Megan Holding, LLC, 25 NY3d 1, 18). "'Mere conclusory statements that a corporation is dominated or controlled by a shareholder are insufficient to sustain a cause of action against a shareholder in its individual capacity'" (Sky-Track Tech. Co. Ltd. v HSS Dev., Inc., 167 AD3d 964, 965, quoting JGK Indus., LLC v Hayes NY Bus., LLC, 145 AD3d 979, 981).
Here, the original complaint did not allege facts that, if proven, indicated either that the defendants exercised complete domination of LKRN in respect to the transaction attacked or that such domination was used to commit a fraud or wrong against the plaintiff which resulted in the plaintiff's injury (see Americore Drilling & Cutting, Inc. v EMB Contr. Corp., 198 AD3d at 945), nor does the original complaint state a cause of action against the defendants independent of such allegations. The proposed amended complaint set forth only conclusory allegations that the defendants were abusing the privilege of doing business in a corporate form. Accordingly, the proposed amendment is palpably insufficient (see Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d at 142; Sky-Track Tech. Co. Ltd. v HSS Dev., Inc., 167 AD3d at 965). Moreover, the defendants demonstrated that they were prejudiced in the preparation of their defense by the lack of notice that the plaintiff would seek to pierce LKRN's corporate veil (see Americore Drilling & Cutting, Inc. v EMB Contr. Corp., 198 AD3d at 945). The defendants submitted evidence establishing that the relevant bank records, which allegedly would have shown, inter alia, that corporate formalities were respected or that LKRN and the defendants dealt with each other at arm's length, were no longer available. Accordingly, the Supreme Court properly granted the defendants' motion and providently exercised its discretion in denying the plaintiff's cross-motion.
In light of our determination, the plaintiff's remaining contention need not be considered.
GENOVESI, J.P., CHRISTOPHER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court