582 Gates, LLC v Throop & Gates, Inc.
2026 NY Slip Op 03282
May 27, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

582 Gates, LLC, respondent,
v
Throop and Gates, Inc., appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 27, 2026
2023-11065, 2024-07816, 2024-10186, (Index No. 519095/20)
Francesca E. Connolly, J.P.
Paul Wooten
Lourdes M. Ventura
Phillip Hom, JJ.

Alter & Barbaro, Brooklyn, NY (Bernard Mitchell Alter of counsel), for appellant.
Law Offices of Jason J. Rebhun, P.C., New York, NY, for respondent.

[*1]
DECISION & ORDER
In an action, inter alia, for ejectment and to recover damages for use and occupancy, the defendant appeals from (1) a judgment of the Supreme Court, Kings County (Richard Velasquez, J.), entered October 16, 2023, (2) a judgment of the same court (Richard Velasquez, J.) entered October 25, 2023, and (3) an order of the same court (Leon Ruchelsman, J.) dated April 18, 2024. The judgment entered October 16, 2023, is in favor of the plaintiff and against the defendant in the principal sum of $90,000. The judgment entered October 25, 2023, is in favor of the plaintiff and against the defendant in the principal sum of $509,409.50. The order granted the plaintiff's motion, inter alia, to direct the distribution to it of surplus funds from a foreclosure auction held against the subject property.
ORDERED that the judgments and the order are affirmed, with one bill of costs.
The defendant was the owner and operator of a gas station located at 584 Gates Avenue in Brooklyn (hereinafter the property). A judgment of foreclosure and sale was subsequently entered against the defendant, and in April 2017, the plaintiff acquired title to the property. Thereafter, the plaintiff commenced a holdover proceeding against the defendant, and a final judgment of possession was entered in favor of the plaintiff and against the defendant. The defendant appealed from the final judgment of possession to the Supreme Court, Appellate Term, Second Department, 2nd, 11th and 13th Judicial Districts, and moved for a stay pending appeal. In an order dated July 6, 2018, the Appellate Term granted the defendant's motion for a stay under the condition that the defendant pay the plaintiff the sum of $10,000 per month for use and occupancy (hereinafter the Appellate Term order). The defendant made one $10,000 payment in September 2018 for use and occupancy in accordance with the Appellate Term order. However, in November 2019, the Appellate Term reversed the final judgment of possession and remitted the matter for dismissal due to the plaintiff's failure to comply with RPAPL 741 (see 582 Gates, LLC v Farmer, 65 Misc 3d 156[A], 2019 NY Slip Op 51959[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists]).
In October 2020, the plaintiff commenced this action, inter alia, for ejectment and to recover damages for use and occupancy. Thereafter, the plaintiff moved to direct the defendant to pay use and occupancy "in an amount to be determined by the Court" but "not less than $10,000 per [*2]month as previously ordered by the Appellate Term." The defendant opposed the motion on the ground, among others, that the Appellate Term order was a nullity, since the underlying holdover proceeding had been dismissed. In an order dated January 11, 2023 (hereinafter the January 2023 order), the Supreme Court granted the plaintiff's motion and directed the defendant to pay $10,000 per month for use and occupancy of the property.
In February 2023, the plaintiff moved to hold the defendant in contempt for failing to pay use and occupancy in accordance with the January 2023 order and sought a writ of assistance removing the defendant from the property. The defendant opposed the motion. In an order dated September 6, 2023, the Supreme Court, in effect, granted the plaintiff's motion and determined that the plaintiff was entitled to a money judgment in the sum of $90,000, representing the nine months in which the defendant had failed to pay the plaintiff use and occupancy as directed by the January 2023 order. The court also issued a writ of assistance removing the defendant from the property. A judgment was entered on October 16, 2023, in favor of the plaintiff and against the defendant in the principal sum of $90,000.
In March 2023, the plaintiff moved, inter alia, for summary judgment on the complaint. The defendant opposed the motion. In an order dated October 4, 2023, the Supreme Court granted that branch of the plaintiff's motion and determined that the plaintiff was entitled to a money judgment in the sum of $509,409.50, representing 50 months of use and occupancy, as well as related fines, tickets, and penalties. A judgment was entered on October 25, 2023, in favor of the plaintiff and against the defendant in the principal sum of $509,409.50.
Thereafter, the plaintiff moved, among other things, to direct the distribution to it of the surplus funds from the foreclosure auction held against the property in order to satisfy the judgments entered in favor of the plaintiff and against the defendant on October 16, 2023, and October 25, 2023, in the principal sum of $599,409.50. In an order dated April 18, 2024, the Supreme Court granted the plaintiff's motion. The defendant appeals from the judgment entered October 16, 2023, the judgment entered October 25, 2023, and the order dated April 18, 2024.
The Supreme Court providently exercised its discretion in directing the defendant to pay the plaintiff $10,000 per month in use and occupancy (see Tavor v Lane Towers Owners, Inc., 197 AD3d 584, 585; 255 Butler Assoc., LLC v 255 Butler, LLC, 173 AD3d 651, 653). On appeal, the defendant contends that the court did not have the authority to direct it to pay the plaintiff $10,000 per month for use and occupancy because this award was based on the Appellate Term order, which was a nullity due to the dismissal of the underlying holdover proceeding. However, the January 2023 order directing the defendant to pay $10,000 per month in use and occupancy was separate and distinct from the Appellate Term order and did not attempt to enforce the Appellate Term order. The fact that the January 2023 order adopted the $10,000 use and occupancy amount from the Appellate Term order does not render the use and occupancy amount ordered in this action invalid.
The defendant's remaining contentions are improperly raised for the first time on appeal.
CONNOLLY, J.P., WOOTEN, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court